# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1025-JDT-cgc |
| | ) | |
| SERGEANT COLLINS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On February 11, 2019, Plaintiff John W. Taylor, who is incarcerated at the Morgan County Correctional Complex in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Taylor's complaint addresses events that allegedly occurred while he was incarcerated at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee. (ECF No. 1 at PageID 2.) The Court issued an order on February 12, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Sergeant First Name Unknown (FNU) Collins; and Corrections Officers (C/O) R. Saunders, E. Gonzales and J. Long.

Taylor alleges that in August 2018, he was housed in protective custody at WCF because of an on-going investigation. (ECF No. 1 at PageID 4.) Sergeant Collins moved

another inmate named Danny Martindale into the cell with Taylor, prompting Taylor to ask whether he should have a cellmate while in protective custody. (*Id.*) Collins allegedly replied, "I need the bed space." (*Id.*) Taylor alleges that Martindale "was very aggressive and confrontational," and the two began to argue almost immediately. (*Id.* at PageID 5.) Later that day, as C/Os Saunders and Gonzalez were escorting Taylor to the shower, Taylor allegedly told Saunders that he was already arguing with Martindale. (*Id.*) Saunders allegedly "snickered at me like it was a joke." (*Id.*) Taylor alleges he later told C/O Long that he "was not going to get along with" Martindale because they were already arguing. (*Id.*) Long responded, "Yea he's a jerk." (*Id.*)

Taylor alleges that later that day, after he returned to the cell, Martindale attacked him and stabbed him with a "wide steel knife." (*Id.*) Taylor alleges he tried to fight Martindale and screamed for help until he fainted from loss of breath. (*Id.*) He awoke as officers were transporting him to the infirmary. (*Id.*) Taylor asked an unspecified officer how Martindale could have gotten the weapon and if he understood "why I was so cautious about moving another inmate in the cell with me." (*Id.* at PageID 5-6.) The unspecified officer "shrugged his shoulders and held out his hands." (*Id.* at PageID 6.) Taylor alleges he filed grievances about the incident, but the grievance was denied without a hearing. (*Id.*)

Taylor seeks a change in housing procedures in the protective custody unit, an injunction ordering that he be provided with an "honest grievance hearing," and punitive and compensatory damages. (*Id.* at PageID 7.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

2

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for

3

failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Taylor filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent Taylor intends to assert official capacity claims against the Defendants, his claim is against CoreCivic, a private corporation that operates the WCF.[1] "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or that provide medical care or food

---

[1] *See* https://www.tn.gov/content/tn/correction/sp/state-prison-list/whiteville-correctional-facility.html (WCF "is managed by CoreCivic, a private corrections management firm.").

4

services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). CoreCivic "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). To prevail on a § 1983 claim against CoreCivic, Taylor "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* Taylor, however, does not allege that he suffered an injury because of an unconstitutional policy or custom of the City of Whiteville. He therefore fails to state a claim against any Defendant in his or her official capacity.

Taylor's allegations that the Defendants failed to protect him from Martindale amount to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (quotations omitted) (noting that prison officials "must take reasonable measures to guarantee the safety of the inmates" and "to protect prisoners from violence at the hands of other prisoners"). "[N]ot all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). To state a claim under the Eighth Amendment, a plaintiff must satisfy an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). That is, a prisoner must show that he "is incarcerated under conditions posing

5

a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent; that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991). Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837-38. In the context of a failure-to-protect claim, a prisoner must allege that the prison official "should have been aware of the reasonable likelihood of a potential attack and intervened earlier." *Carico v. Benton, Ireland, & Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003).

Taylor fails to satisfy the standard for an Eighth Amendment claim. Taylor alleges that he told only Defendants Saunders and Long about his problems with Martindale. He does not allege that he told Defendant Collins or Gonzales about the arguments with Martindale. Moreover, Taylor does not allege that he told any Defendant that he believed Martindale would attack him or that he felt threatened by Martindale. He told Saunders only that he and Martindale were arguing and told Long that he "was not going to get along with" Martindale. These allegations suggest that the officers knew Taylor did not like Martindale. However, none of these allegations suggest the Defendants were on notice of a reasonable likelihood of a potential attack by Martindale and should have intervened.

Nor does Taylor state a claim regarding the grievance procedures. "There is no inherent constitutional right to an effective prison grievance procedure." *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v.*

6

*Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). A § 1983 claim therefore cannot be premised on contentions that the grievance procedure was inadequate. *Id.*

Because Taylor is no longer at WCF, his request for an injunction is moot. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison and prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

For the foregoing reasons, Taylor's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Taylor should be given the opportunity to file an amended complaint.

In conclusion, the Court DISMISSES Greer's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, Taylor is GRANTED leave to file an amended complaint. Any amendment must be filed within twenty-one days after the date of this order.

Taylor is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Taylor fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE